## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **vs.** | ) **Cr. No. 05-344** |
| | ) |
| **ARTHUR ABRAHAM** | ) |

### OPINION AND ORDER

Defendant Arthur Abraham is charged with one count of distribution of child

pornography in violation of 18 U.S.C. § 2552(a)(2). On March 21, 2005, Defendant's

residence was searched by Pennsylvania State Troopers and Philadelphia County Detectives

pursuant to a Commonwealth of Pennsylvania search warrant issued by a Philadelphia

Municipal Bail Commissioner. Seized during the search was a movie of alleged child

pornography and a lot of computer equipment. In his motion to suppress evidence, Defendant

argues that this search and seizure was unconstitutional and violative of his rights under the

Fourth Amendment to the Constitution because the Affidavit of Probable Cause did not set

forth a substantial basis for determining whether probable cause existed. Plaintiff's Motion to

Suppress, ¶ 4.

### I. Legal Analysis

The United States Court of Appeals for the Third Circuit explained in United States v.

Zimmerman, 277 F.3d 426 (3d Cir. 2002):

The Fourth Amendment to the United States Constitution provides:

The right of the people to be secure in their persons, houses,
papers, and effects, against unreasonable searches and seizure,
shall not be violated, and no Warrants shall issue, but upon

> probable cause, supported by Oath or affirmation, and particularly
> describing the place to be searched, and the persons or things to be
> seized.

> U.S. Const. Amend. IV. One's home is sacrosanct, and unreasonable
> government intrusion into the home is "the chief evil against which the
> wording of the Fourth Amendment is directed." *Payton v. New York,* 445 U.S.
> 573, 585, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) (quoting *United States v.
> United States District Court,* 407 U.S. 297, 313, 92 S.Ct. 2125, 32 L.Ed.2d
> 752 (1972)). The Fourth Amendment prohibits a general warrant. *Boyd v.
> United States,* 116 U.S. 616, 625, 6 S.Ct. 524, 29 L.Ed. 746 (1886); *Andresen
> v. Maryland,* 427 U.S. 463, 480, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976). A
> magistrate must determine that there is a "fair probability that ... evidence of a
> crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213,
> 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (quoting *Jones v. United States,*
> 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)). The warrant must
> also describe the things to be seized with sufficient particularity and be "no
> broader than the probable cause on which it is based." *United States v. Weber,*
> 923 F.2d 1338, 1342 (9th Cir.1991).

Id. at 431-32.

Thus, the issue before us is "whether the magistrate who issued the warrant had a

'substantial basis' for determining that probable cause existed." Id. at 432, quoting, United

States v. Harvey, 2 F.3d 1318, 1322 (3d Cir. 1993). Further:

> in doing so, we must determine if a "practical, commonsense decision [was
> made] whether, given all the circumstances set forth in the affidavit before
> him . . . there is a fair probability that contraband or evidence of a crime
> [would] be found in a particular place." The decision of the magistrate "should
> be paid great deference." This, however, "does not mean that reviewing
> courts should simply rubber stamp a magistrate's conclusions."

Id. (citations omitted).

The defense argues that there was not probable cause in the instant case for several

reasons. We will address these arguments in turn.

## A. Staleness of information contained in Affidavit of Probable Cause

First, Defendant argues that there was not probable cause for the magistrate to issue

the search warrant because the information contained in the Affidavit of Probable Cause was

2

stale. Defendant's Supporting Memorandum, pp. 4-5. " The information here was stale
because it was based upon a single event which occurred on November 19, 2004, more than
four months prior to the execution of the search warrant. Moreover, there is no allegation that
this was a continuing offense." Id. at p. 5.  Related to this argument, Defendant also attacks
that part of the Affidavit of Probable Cause wherein the affiant set forth a number of opinions
about the behavior of pedophiles based upon the experience and training of the affiant, a
Pennsylvania State Trooper, as well as information from retired FBI agent, Kenneth V.
Lanning, see ¶¶ 17-24 of Affidavit, an expert on pedophiles, because "none of this
information is based on personal facts regarding this Defendant." Id. at p. 5. In support of
this position, the Defendant cites  Zimmerman, supra.

        As explained by the United States Court of Appeals for the Third Circuit in United
States v. Harvey, 2 F.3d 1318 (3d Cir. 1993), a child pornography case:

> [a]ge of the information supporting a warrant application is a factor in
> determining probable cause. If too old, the information is stale, and probable
> cause may no longer exist. Age alone, however, does not determine staleness.
> "The determination of probable cause is not merely an exercise in counting the
> days or even months between the facts relied on and the issuance of the
> warrant." Rather, we must also examine the nature of the crime and the type of
> evidence.

Id. at 1322 (internal citations omitted).

        Here, looking at the nature of the crime and the type of evidence in the Affidavit of
Probable Cause, we hold that the information supporting the warrant was not stale.
Specifically, we find that although up to four months [1] had passed since the Defendant had

---

    [1]We use the term "up to" because while the earliest relevant date provided in the
Affidavit of Probable Cause is February 28, 2005, see ¶¶ 8, 13 and 14, when Trooper Ederly
began the child pornography investigation and located the image in described in the Affidavit, a
date less than one month before the execution of the search warrant on March 21, 2005, for some
unexplained reason, ¶ 16 of the Affidavit states "[a]lthough four months have expired since the
distribution of "Child Pornography" occurred on 11/19/04.

placed the alleged child pornography on the Gnutella Network, and there is only mention of one image of child pornography in the Affidavit, the information was not stale. The affiant had explained that it was his opinion, based upon his training and experience, and the opinion of an expert on pedophiles, that pedophiles tend to keep any child pornography for long periods of time. Alternatively, even if the child pornography in question had been deleted or not even downloaded by the Defendant, any trained forensic examiner could retrieve the image from Defendant's computer. See Affidavit of Probable Cause, ¶¶ 7-21.

Moreover, with respect to the Defendant's argument that the appellate court's decision in Zimmerman, *supra.*, holds that expert opinion contained in an affidavit that is not tailored to the specific facts of a case is insufficient to establish probable cause, we find that this holding by the Zimmerman court is not applicable to this case because Zimmerman involved adult pornography. Indeed, in determining that the affidavit of probable cause in that case was stale, the Zimmerman court repeatedly emphasized that it was addressing a situation where adult pornography, and not child pornography, was involved. For example, the Zimmerman court distinguished its case from that an earlier Ninth Circuit court opinion, United States v. Lacy, 119 F.3d 742 (9th Cir. 1997):

> [i]n Lacy, the Court held that ten-month old information was not stale. Lacy, however, is readily distinguishable from this case. First, of course, Lacy involved child pornography. Thus, the [Lacy] Court placed significant weight on expert opinion indicating that collectors of child pornography rarely if ever dispose of such material and store it for long periods in a secure place, typically in their homes. As discussed, nothing indicates that this logic applies in the adult pornography context." Id. at 435.

Indeed, in another part of its decision, the Zimmerman court noted that:

> [i]n conducting our staleness analysis in [United States v.] Harvey, [2 F.3d 1318 (3d Cir. 1993)], we also pointed to the fact that pedophiles rarely, if ever, dispose of child pornography. Many courts have similarly accorded weight to that fact. See, e.g. United States v. Lacy, 119 F.3d 742, 746 (9th Cir. 1997); United States v. Peden, 891 F.2d 514, 518-19 (5th Cir. 1989). Presumably

4

individuals will protect and retain child pornography for long periods of time because it is illegal and difficult to obtain.

Id. at 434. Thus, contrary to the Defendant's position, we hold that the inclusion in an

Affidavit of Probable Cause of expert opinion on the behavior of pedophiles is proper in

child pornography cases, even if the expert opinion is not tailored to the specific facts of the

case.

### B. Description of the female involved in the Affidavit of Probable Cause

Defendant also argues:

[t]he only allegation that what the Defendant distributed was child pornography is Trooper Erdely's conclusion that he "downloaded the file and found it to be a movie depicting a prepubescent female who appears to be approximately eight (8) years old being sexually assaulted with the finger of an adult male." (Paragraph 13 of Affidavit of Probable Cause).

No facts supporting Trooper Erdely's conclusion that the female in the movie was "prepubescent" are set forth. For instance, there is no information regarding the lack of development of female breasts or the absence of public hair in the genital area. In addition, there is no information concerning the female's height or weight.

Furthermore "prepubescent female" is not a fact related to age. Some women, due to a decreased fat content in their body, never achieve puberty. It is also well known that some female athletes do not achieve the onset of puberty until well into their twenties.

Thus, prepubescence does not necessarily mean minority.

Defendant's Supporting Memorandum, p. 4.

At issue is ¶ 13 of the Affidavit of Probable Cause wherein the affiant stated:

[o]n Monday, February 28, 2005, Trooper Erdely searched for a file . . . Trooper Erdely downloaded the file and found it to be a movie depicting a prepubescent female who appears to be approximately eight years old being sexually assaulted with the finger of an adult male.

We find that Trooper Erdely's description of the female involved as being "a

prepubescent female who appears to be approximately eight years old" was more than

adequate to provide the magistrate with the information needed to determine whether there was probable cause to believe that the movie involved a minor.

## C. Significance of fact that within the Affidavit of Probable Cause there was no suggestion that Defendant downloaded the image in question

Defendant also argues that "[i]mportantly, there is no suggestion that the Defendant downloaded the alleged child pornography. Therefore, the video clip, the only pornography the investigating officers were aware of, may well have been located in cyberspace rather than the Defendant's residence." Defendant's Supporting Memorandum, pp. 3-4. We find this "fact" to be irrelevant since the Affidavit of Probable Cause expressly explained that even if the Defendant never downloaded the image in question, a forensic examiner would be able to find the image on Defendant's computer.

## D. Good Faith Exception

Finally, the defense argues that the good faith exception is not applicable to the facts of this case because the warrant "was based on an Affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. at p. 6. Given the Court's conclusion that the magistrate who issued the warrant had a substantial basis for determining that probable cause existed, it is not necessary to address this argument. Therefore, we elect not to do so.

## E. Conclusion

After reviewing the contents of the Affidavit of Probable Cause, the Court finds that the magistrate who issued the warrant had a substantial basis for determining that probable cause existed. Specifically, the magistrate was provided with evidence that the Defendant had shared on the Gnutella Network a movie involving a minor being sexually abused. Further, the Affidavit of Probable Cause explained that while up to four months had passed

6

since the Defendant placed the image on the Gnutella Network for sharing, pedophiles tend to keep child pornography for longer periods of time. This conclusion is based on: (a) the training and experience of the affiant; (b) the research of Kenneth V. Lanning (described in the affidavit as an expert on pedophiles); and (c) information that collectors of child pornography had related to Law Enforcement personnel. In addition, even if the image in question had been deleted or not even downloaded by the Defendant, it was possible for any trained forensic examiner to retrieve the image from Defendant's computer. See Affidavit of Probable Cause, ¶¶ 7-21. Accordingly, Defendant's motion to suppress is denied. An appropriate Order follows:

## ORDER

AND NOW, this 17th day of May, 2006, it is hereby ORDERED, ADJUDGED AND DECREED that Defendant Arthur Abraham's Motion to Suppress Evidence (Doc. #28) is DENIED.

It is further ORDERED, ADJUDGED AND DECREED that the hearing on Defendant's Motion to Suppress Evidence scheduled for Monday, May 22, 2006 at 11:30 am is canceled.

Maurice B. Cohill, Jr.

Maurice B. Cohill, Jr.
Senior District Court Judge

cc: record counsel

7