IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Cr. No. 05-344 |
| | ) |
| ARTHUR ABRAHAM | ) |

OPINION AND ORDER

Defendant Arthur Abraham is charged with one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Defendant has filed a number of pre-trial motions in anticipation of trial. In this Opinion, we address (1) Defendant's Motion To Compel Government to Provide Defendant With Written Statement of Uncharged Misconduct Evidence (Doc. #31); (2) Defendant's Motion for Disclosure of Impeachment Evidence (Doc. #33); (3) Defendant's Motion to Require Government to Notify Defendant of its Intention to Use Certain Evidence (#32); (4) Defendant's Motion For Disclosure of Testimony of Expert Witnesses (Doc. #34); and (5) Defendant's Motion for a Bill of Particulars (Doc. #30).

**A. Defendant's Motion To Compel Government to Provide Defendant With Written Statement of Uncharged Misconduct Evidence.**

In this motion, Defendant moves for the Government to be required to provide the Defendant with a written statement of uncharged misconduct evidence. In response, the Government discloses two areas of uncharged misconduct that it may offer as relevant to anticipated issues at trial: (1) hard-copy images of children engaged in sexually explicit activity that were seized by the police from Defendant's residence pursuant to search warrant;

and (2) entries in Defendant's passport showing travel in recent years to countries notoriously linked to child prostitution and child sex tourism. Government's Consolidated Response to Pre-trial Motions ("Government's Consolidated Response"), pp. 9-10.

> F.R.E. 404(b) provides in relevant part that:
>
> [Evidence of other crimes, wrongs, or acts] . . . may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

F.R.E. 404(b). The Government's Consolidated Response with respect to this motion complies with F.R.E. 404(b). Accordingly, Defendant's Motion To Compel Government to Provide Defendant With Written Statement of Uncharged Misconduct Evidence is denied as moot.

### B. Defendant's Motion for Disclosure of Impeachment Evidence.

In this motion, Defendant states:

> [t]he Defendant believes and therefore avers that the Government intends to call as witnesses at his trial certain individuals with whom it has entered into plea bargains or has otherwise granted preferential treatment or extended promises of leniency of various kinds in return for their assistance and/or testimony in this and/or other cases.
>
> The Defendant further believes and therefore avers that the Government has in its possession certain evidence that could be used to impeach the credibility of its witnesses, including, but not limited to inconsistent statements made by a particular witness, inconsistent statements made by two or more witnesses, evidence of a witness' prior criminal convictions and other acts of misconduct, presentence reports, pretrial services reports, and testimony from trial in which they have previously participated.

Defendant's Motion for Disclosure of Impeachment Evidence, ¶¶ 2 and 3.

2

In response, the Government acknowledges that it is obligated to disclose all impeachment-type evidence concerning its trial witnesses. Government's Consolidated Response, p. 9. The Government further states that at the time the Government's Consolidated Response was filed, May 15, 2006, there was no such evidence to provide, and that it understands that it has an on-going obligation to disclose such evidence and will do so if any such evidence later becomes known. Id.

The Defendant's Motion for Disclosure of Impeachment Evidence is granted. The Government shall disclose to Defendant all impeachment-type evidence of which it has knowledge concerning its trial witnesses.

**C. Defendant's Motion to Require Government to Notify Defendant of its Intention to Use Certain Evidence.**

In this motion, Defendant seeks an Order compelling the Government to notify him of its intention to use in its case in chief "certain evidence which the Defendant may be entitled to discover under Rule 16, including, but not limited to, statements made by the Defendant, evidence seized from the Defendant and evidence obtained through the interception of wire and/or oral communications." Defendant's Motion to Require Government to Notify Defendant of its Intention to Use Certain Evidence, p. 1. In its Consolidated Response, the Government states that it "has learned that Mr. Abraham made certain oral statements to police during this investigation, principally at his residence when police went there to execute the search. These statements may be relevant to trial issues and the government may offer them. There are no other items the government is aware of that respond to the defendant's demand." Government Consolidated Response, p. 10. Based upon this response by the Government, the Court finds that the Government has complied with the Defendant's request.

Accordingly, Defendant's Motion To Compel Government to Provide Defendant With Written Statement of Uncharged Misconduct Evidence is denied as moot.

### D. Defendant's Motion For Disclosure of Testimony of Expert Witnesses.

In his Motion, Defendant seeks, pursuant to Fed.R.Crim.P. 16, a written summary of testimony the Government intends to use under Rules 702, 703 and 705 of the Federal Rules of Evidence during its case in chief. Fed.R.Crim.P. 16(a)(1)(G) is entitled "Expert witnesses" and provides in relevant part:

> [a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed.R.Crim.P. 16(a)(1)(G). In response, the Government explains that it may use expert testimony at trial concerning relevant issues to which the parties cannot stipulate, such as the age of the subjects depicted in the images seized. Government's Consolidated Response, pp. 8-9. The Government further explains, however, that it has not yet retained said expert "but that is an anticipated event and the government will treat the motion as granted . . . ." Id. at p. 9. Accordingly, Defendant's Motion For Disclosure of Testimony of Expert Witnesses is granted. The Government shall provide to Defendant on or before June 19, 2006, a written summary of any testimony that the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial, and any summary provided pursuant to Fed.R.Crim.P. 16 (a)(1)(G) must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

4

### E. Defendant Motion for a Bill of Particulars.

In this motion, Defendant requests, pursuant to Fed.R.Crim.P. 7(f), that the Court order the Government to file a Bill of Particulars setting forth the following information: (1) the exact date the defendant's offense was committed; (2) the specific place/places where this offense was committed; and (3) the manner in which the Defendant "distributed" child pornography. The Government opposes this motion for the following reasons:

> This is a one-count case involving a one-time distribution received by an undercover file sharer of an illicit image depicting a female juvenile engaging in sexually explicit conduct. The date of the alleged offense is stated in the indictment and the search warrant affidavit specifically described the investigation supporting the charge. The defendant does not claim that he currently is under indictment for the identical conduct and does not allege that he apprehends a second jeopardy because of confusion over the pending indictment. In those circumstances, the Motion should be denied.

Government's Consolidated Response, p. 8.

We agree with the Government, for the reasons set forth above, that a Bill of Particulars is not warranted in this case. Defendant's Motion for a Bill of Particulars is denied.

### F. Conclusion.

An appropriate order follows:

ORDER

AND NOW, this 8th day of June, 2006, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendant's Motion To Compel Government to Provide Defendant With Written Statement of Uncharged Misconduct Evidence (Doc. #31) is DENIED as MOOT

It is further ORDERED, ADJUDGED, AND DECREED that Defendant's Motion for Disclosure of Impeachment Evidence (Doc. # 33) is GRANTED. The Government shall disclose to Defendant all impeachment-type evidence of which it has knowledge concerning its trial witnesses.

It is further ORDERED, ADJUDGED, AND DECREED that Defendant's Motion to Require Government to Notify Defendant of its Intention to Use Certain Evidence (Doc. # 32) is DENIED as MOOT.

It is further ORDERED, ADJUDGED, AND DECREED that Defendant's Motion For Disclosure of Testimony of Expert Witnesses (Doc. # 34) is GRANTED. The Government shall provide to Defendant, on or before June 19, 2006, a written summary of any testimony that the Government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial, and any summary provided must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

It is further ORDERED, ADJUDGED, AND DECREED that Defendant's Motion for a Bill of Particulars (Doc. # 30) is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge