## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **vs.** | ) **Cr. No. 05-344** |
| | ) |
| **ARTHUR ABRAHAM** | ) |

## OPINION

Pending before the Court is the "Government's Motion for Revocation of Bond"

(Doc. #55). Defendant Arthur Abraham has filed "Defendant's Response to Government's

Motion for Revocation of Bond" (Doc. #56). For the reasons set forth below, the

Government's Motion for Revocation of Bond will be granted.

### I. Legal Analysis.

The Government seeks the revocation of Defendant Arthur Abraham's bond pursuant

to 18 U.S.C. § 3143(a)(2). 18 U.S.C.§ 3143 provides in relevant part:

**(a) Release or detention pending sentence.– (1)** Except as provided in
paragraph (2) . . . .

**(2)** The judicial officer shall order that a person who has been found guilty of
an offense in a case described in subparagraph (A), (B), or (C) of subsection
(f)(1) of section 3142 and is awaiting imposition or execution of sentence be
detained unless–

**(A)(I)** the judicial officer finds there is a substantial likelihood that a motion
for acquittal or new trial will be granted; or

**(ii)** an attorney for the Government has recommended that no sentence of
imprisonment be imposed on the person; and

**(B)** the judicial officer finds by clear and convincing evidence that the person
is not likely to flee or pose a danger to any other person or the community.

Id. 18 U.S.C. § 3142(f)(1)(A) provides:

> **(f) Detention hearing.**--The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community--
>
> **(1)** upon motion of the attorney for the Government, in a case that involves–
>
> **(A)** a crime of violence . . . .

18 U.S.C. § 3142(f)(1)(A).

Crimes involving child pornography, including the distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), the criminal statute Defendant has been found guilty beyond a reasonable doubt of violating, are considered "crime[s] of violence." See 18 U.S.C. § 3156(a)(4)(C) ("[a]s used in sections 3141-3150 of this chapter . . . the term "crime of violence" means . . . any felony under chapter . . . 110 [18 U.S.C. § 2251 *et seq*.]"). See also United States v. Thomas, 2006 WL 140558, \*6 (D. Md. Jan. 13, 2006) (receipt, possession and shipment of child pornography in violation of 18 U.S.C. § 2252(A) falls within the Bail Reform Act's definition of "crimes of violence"); United States v. Fraser, 152 F.Supp.2d 800, 805 (E.D. Pa. 2001) (the crime of sexual exploitation of children under 18 U.S.C. §2252(a)(2) is statutorily defined as a "crime of violence"); United States v. Riccardi, 2002 WL 1402232, \*2 (D. Kan. June 26, 2002) (the unlawful possession of visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B) is an offense that falls within the Bail Reform Act's explicit definition of "crime of violence"); United States v. Coffey, 2001 WL 1249684, \*3 (N.D.N.Y. July 24, 2001) (the receipt, possession and shipment of child pornography in violation of 18 U.S.C. § 2252A(a) fall within the Bail Reform Act's explicit definition of "crime of violence"); United States v.

2

Hernandez, 154 F.Supp.2d 240, 243 (D.P.R. 2001) (the offense charged in §2252(a)(4)(B) has been specifically defined in 18 U.S.C. § 3156(a)(4)(C) as a crime of violence under the Bail Reform Act of 1984). Accordingly, pursuant to 18 U.S.C. § 3143(a)(2), Defendant's bond must be revoked pending sentencing unless: (1) we find there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (2) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (3) we find by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Defendant cites the Court to 18 U.S.C. § 3143(a)(2) and § 3143(b) in support of his position that the Government's Motion for Revocation of Bond should be denied.

**A. 18 U.S.C.§ 3143(b).**

Initially, we find that only 18 U.S.C. §3143(a)(2) is relevant. 18 U.S.C.§ 3143(b), entitled "[r]elease or detention pending appeal by the defendant," is applicable only where there is an issue of release or detention pending appeal by a defendant and that is not where this case is from a procedural standpoint. Moreover, while Defendant focuses on the language of subsection (b)(1) of 18 U.S.C.§ 3143, subsection (b)(2) of 18 U.S.C. § 3143 states: "[t]he judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, *be detained.* 18 U.S.C. § 3143(b)(2) (emphasis added). As stated above, this Court has found that Defendant has been found guilty of an offense in a case described in subparagraph (A) of subsection (f)(1) of section 3142. Once the Defendant is sentenced to a term of imprisonment, even if he appeals the judgment of sentence, 18 U.S.C. § 3143(b)(2) mandates

3

that he be detained pending appeal.

**B. 18 U.S.C.§ 3143(a)(2).**

Turning to 18 U.S.C. §3143(a)(2), the Court finds as follows. First, given that this was a non-jury trial and after carefully reviewing the trial transcript, exhibits, and briefs, we made extensive findings of fact and conclusions of law, we find that there is not "a substantial likelihood that a motion for acquittal or new trial will be granted" in this case. 18 U.S.C. §3143(a)(2)(A)(I). Second, this is not a situation where "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." Id. at §3143(a)(2)(A)(ii). Therefore, even if the Court were willing to find "by clear and convincing evidence that the [Defendant] is not likely to flee or pose a danger to any other person or the community," pursuant to 18 U.S.C. §3143(a)(2) the Defendant must be detained prior to sentencing.

**II. Conclusion.**

The Government's Motion for Revocation of Bond is granted and Defendant's bond is revoked. Defendant's Bond is revoked as of November 6, 2006. Defendant shall report to the United States Marshal's Service at 2110 United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106 on or before November 6, 2006. An appropriate Order will follow.

Maurice B. Cohill

Maurice B. Cohill, Jr.
Senior District Court Judge

cc:     Counsel of record
        Arthur Abraham, defendant          Dated: October 31, 2006

4